UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20690-BLOOM/Otazo-Reyes**

TYPONESHA MONIQUE HUBBERT,

    Plaintiff,

v.

CAPITAL BANK, N.A., *et al.*,

    Defendants.
_____/

### ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon the Plaintiff Typonesha Monique Hubbert's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Motion"). Plaintiff, who filed a Complaint on February 22, 2023, ECF No. [1], and is proceeding *pro se*, has not paid the required filing fee. The Court has carefully reviewed the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th

Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

In the Motion, Plaintiff represents that her gross pay or wages are $0, and that her take-home pay or wages are $0. Plaintiff also represents that she received "about $23,000 for the year" in business, profession, or other self-employment income in the twelve months since February 21, 2023. ECF No. [3] at 1. Plaintiff states that she is "not expected to receive anything in the future." *Id.* Further, Plaintiff represents that she has $0 in cash or in a checking or savings account. *Id.* at 2. Plaintiff does not list any living expenses. It is unclear what are Plaintiff's necessities and how

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Case No. 23-cv-20690-BLOOM/Otazo-Reyes

Plaintiff provides for those necessities. As such, the Plaintiff has not demonstrated that she is unable to pay the filing fee. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [3]**, is **DENIED**. Plaintiff shall pay the applicable filing fee **on or before March 7, 2023**. Plaintiff is cautioned that the failure to comply will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Typonesha Monique Hubbert
1953 NW 133rd Street
Miami, FL 33167